and record and I received person of your sign-off can you save this please.) Good morning, Your Honors. Laura Davis for Appellant Richard Norris. I would ask to reserve three minutes for rebuttal. You may. Please proceed. May it please the Court, the District Court abused its discretion when it ruled the four-point enhancement pursuant to 2K2.1B6B applied to Mr. Norris. The originally alleged other felony of the attempt to tamper with evidence is too attenuated from his crime of conviction which was specifically transferring the firearm to his brother in December of 2011 to be a felony that the gun is possessed in connection with. What about use? I mean we agree it wasn't possessed but isn't the argument that the District Court used was that it was used? Your Honor, looking to the definition of use it necessarily implies that you have dominion and control that you actually had in order for Mr. Norris to use that firearm he needed to have actual power and ability to exercise dominion and control over it. How is that different than possession, either actual possession or construction possession? I mean doesn't use mean something different or is it just redundant? It's almost redundant but not quite. Okay then there is a distinction between constructive possession, actual possession and use and what is the distinction? The distinction, Your Honor, for instance in Berkey where you have the defendant who has marijuana and a pipe in one pocket and a gun in the other pocket, he possesses the gun, it emboldens him to use the drugs in public but he's not gesticulating with the gun, he's not pointing it at anybody, he's not firing it, he's not even displaying it. It's just the mere possession of the gun emboldens him. Looking to constructive possession you have the chain of cases where in the same room as the defendant or in the defendant's sole room in the house you find a gun, you find drugs, you find scales, you find packaging paraphernalia. Whereas with use you more have the pointing the gun during a shooting somebody, pistol whiffing somebody, that sort of traditional idea of use. All those are actual possessions so I'd like you to give me an example of where use means something different than possession. Your Honor, I think most of the use cases we are going to see relate directly to either actual or constructive possession. That you need to have, in order to use it you need to have it either actually or it's in the other room or it's in the same room or it's in your car. We see that in the chain of cases, the Smith and Bailey cases out of the Supreme Court followed by Congress's amendment of 924C to make it clearer that if you use or possess a gun in connection with a felony then you get the 924C consecutive sentence. So in your view use doesn't mean anything? Use does mean something. Okay, I'm still trying to find out what it means. Tell me how it means something other than possession, either actual or constructive. It needs to have some sort of impact on the crime of commission. That for instance in a 924C context you can have the gun for home and possession and you're using it. But you have possession. You have to come up with an example, which parenthetically I'll note we haven't been able to come up with either, where you don't have actual or constructive possession but you've still used it. How can you do that? I don't think. They must have meant something, so what do they mean? I think they just wanted to be clear to cover all their bases. I have one. It's not in this case, but I racked my brain and came up with one. Suppose you have three guys, Smith, Jones, and Polster. Smith has drugs, Jones has a gun, and Polster has money. And they do a deal, but the gun is used. The gun is used in the transaction and you get the two people who had started out with money and drugs and end up flipped. The one who had money has drugs and the one who had drugs has money. Neither one of them ever possessed the gun, but they clearly used the gun and got benefit from it. I suppose you could ask, couldn't you ask somebody to come along on a drug deal and bring a gun with them? You don't possess it, you don't constructively, you don't actually possess it, you don't constructively possess it because you don't really control what that other guy does, but he agrees to bring it along and then it's used to enable the transaction. So maybe that's it. I think in that case, Your Honor, and the example Judge Polster gave, you have a conspiracy. You have an express agreement to engage in conduct that involves the gun. And so it's similar to Fritz, although at some point the defendant in Fritz did have actual possession of the gun, where you have sort of a gun playing hot potato, bouncing around between individuals who are all involved in a joint conspiracy. I guess the point here, Ms. Davis, is your position is that while we may not know what use is, and we can't think of a good example, that whatever it is, it doesn't exist here. Under these facts, he didn't use it. Correct, Your Honor. So do we need to go past that? I don't believe so, Your Honor. Anything else you want to say? No, Your Honor. Thank you. No questions. May it please the Court, Deborah Brenneman for the United States. The District Court applied the four-level enhancement here based on its finding, its undisputed factual finding, the defendant instructed another person to dispose of a firearm. How does he have authority to instruct this other person? Where does that authority come from? He may not have had authority. Okay, so he attempted to instruct him? He attempted. He requested? I mean, instructed to me implies that you have authority over somebody. I instruct you to do this, but here there is not. So he maybe requests. The testimony during the sentencing hearing was that he called Mr. Ronnie Mutter and told him, get rid of the gun. Well, I know that, but if you don't have authority to instruct, I mean... He didn't have any power over the other guy, and as it turned out, the other guy didn't even have the gun. So it might have been an attempt to use, but was completely ineffectual. So how does he get, what is this, an eight-level enhancement? It's a four-level enhancement. The court found that this went to the other felony offense required for the enhancement was attempted evidence tampering, since obviously he couldn't control what Mutter actually did, and being an accessory after the fact, both of which would be felonies under Tennessee law. It was an attempted evidence tampering, so that can be an attempt, but the use can't be an attempt. The enhancement doesn't say attempted to use. It says use, right? I agree. So isn't it at best Norris attempted to use the gun, at best, in a request to Mutter to do something with it, but how did Norris, or for that matter, anyone, use the gun in this case? I agree with you that there is no actual use, active employment, or actual or constructive possession, at the moment he calls for the phone call. Does it have to be actual use for the enhancement to apply? No. The language here, of course, is just use or possession. Defendant has suggested this active employment. It's not attempted use. I mean, we just had that conversation. It actually has to be use. That's what the language of the enhancement suggests, that it must be use or possession. We know there wasn't possession. Agreed. So how was it used? The district court found that the way... We know what the district court found, but that's what we're reviewing. Certainly. I think this is a very close case in that sense, but if use means anything, obviously there will be cases in which a defendant uses a controlling case law, or even directly relevant cases from other circuits. But if that language is to mean anything, there has to be such a case. And I think that's where Judge Jordan was trying to fit this in. But how is this the case, if it's rare? How is this the case? How did Norris use this gun? In any common sense definition of use. And remember, this is a criminal statute, so if we can't figure out what it means, shouldn't the defendant get the break? The government has to prove the application of the enhancement, so you've got the burden. If we're absolutely inequipoise, then it shouldn't apply. And if this court finds that the evidence contains insufficient evidence for that, then yes, the appropriate remedy is to remand. Or, we've suggested in our brief, there's an alternate basis on which the does not satisfy whatever definition of use applies in this enhancement. And I agree, I can't provide you a useful definition there for use, because it's so hard to imagine cases that fit here. But if we look at the discussion that the district court provided, that's where he thought it most closely fit. It would be easier to say, defendant used a phone to control the gun. Obviously, the language of the enhancement says defendant has to use or possess the gun in connection with his other felony offense. Whether making this telephone call and telling, whether he has authority to control it or not, but telling someone else to get rid of a gun and getting the reply that, yeah, he'd bring it back to him, at least from defendant's perspective, he thought he had that control. It's not true constructive possession, because he didn't have actual dominion and control over it. But I think that's the situation under which the district court believed that this fit under use. I agree with this court, it's a very close case. Do you think perhaps the term use is much narrower than we're even talking about, that use might... Possession is one thing, I possess a fire, I use a firearm. How do you use a firearm, you fire it? Do you think maybe Congress was thinking if they actually fired the firearm in connection with another felony or merely possessed it, I mean, they're talking about actually pulling the trigger? You can't fire it without possessing it. That's true. Okay, there goes that argument. It's possible that if we use the definition of use from the 924C context, then yes, that's where we get that language of active employment from Bailey. Let me suggest another twist for you here. Go ahead. I'm just speaking as an individual member of the panel. We can issue an opinion and you might lose, and the government and USAs in general may not like what we say about use. So another alternative is I know you show up here, you feel obligated in your district to support the district judge's decisions when they rule in your favor, I get that, but there's nothing where you can't concede to avoid a worse result. So why don't you tell us within three days whether you're willing to have this remanded back without application of that penalty and then you get no decision here. I don't know what my panelists will agree to do, but that's one way to make this go away. This guy gets what he wants and you don't get a decision you don't like, potentially. I will be happy to consult with my office and file a response with the court within three days. Thank you. And just so, I'm going to ask you, whether or not this enhancement applies is a separate question of whether and how the judge should consider the conduct in fashioning the sentence. Absolutely. That's a separate and independent question, which is not before us, because you agree and I'm going to make sure your colleague or adversary agrees that the sentence has not been challenged on substantive unreasonableness. That's correct. Does the procedural application, whether this particular enhancement... And if this court were to reach the merits and find, whether because of the absence of a good definition for use or because of the strange facts of this case, that the enhancement is inappropriate, add a remand for resentencing, the court could remove the four-level enhancement, recalculate his guideline range, which as noted in the PSR addendum would be just 12 to 18 months, and find that nonetheless this additional conduct warrants an upward variance under the 3553A factors. Thank the court for its consideration. Anything further, Ms. Davis? I don't believe so, your honors, aside from reiterating that the government has not proven the mental health aspect of the case, and I think that's sufficiently addressed in my reply brief. I just want to make sure that I'm correct. You're not challenging the sentence that 27 months is substantively unreasonable, nor are you in any way suggesting that the court could not consider the defendant's attempted evidence tampering in fashioning the appropriate sentence. Am I correct? Correct, your honor. We just want to start from the right place and go from there. Without the four levels. Got it. Okay, thank you. All right, very good. Case will be submitted. That completes the oral argument.